Lewis Anten, Esq., SBN 56459
l.anten@antenlaw.com
Ivy Choderker, Esq., SBN 210612
i.choderker@antenlaw.com
LEWIS ANTEN, A PROFESSIONAL CORP.
16830 Ventura Boulevard, Suite 236
Encino, California 91436
Telephone:  (818) 501-3535
Facsimile: (818) 501-4138
Attorneys for Plaintiff
BINDING FILMS PTY LIMITED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BINDING FILMS PTY LIMITED, an Australian company,<br><br>Plaintiff,<br><br>vs.<br><br>EYE FILM RELEASING, INC., a California corporation; ROBERT FEINSTEIN, an individual; METROPOLITAN ENTERTAINMENT LLC, a California limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:  2:20-CV-02614<br><br>COMPLAINT FOR<br><br>1) COPYRIGHT INFRINGEMENT [17 U.S.C. §§ 101 *et seq.*]<br>2) FEDERAL UNFAIR COMPETITION (FALSE DESIGNATION OF ORIGIN) [15 U.S.C. § 1125(a)]<br>3) CALIFORNIA STATUTORY UNFAIR COMPETITION [CAL. BUS. & PROF. CODE §§ 17200 *et seq.*]<br>4) CALIFORNIA COMMON LAW UNFAIR COMPETITION<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Binding Films Pty Limited ("Plaintiff Binding Films") hereby

brings this action against Defendant Eye Film Releasing, Inc. ("Defendant Eye Film"), Defendant Robert Feinstein ("Defendant Feinstein"), Defendant Metropolitan Entertainment LLC ("Defendant Metropolitan"), and Does 1-10 ("Doe Defendants") (collectively, "Defendants") for copyright infringement, false designation of origin, and unfair competition, as follows:

## NATURE OF THE ACTION

1.     This is an action for copyright infringement, false designation of origin, and unfair competition arising from Defendants' past and/or continuing unauthorized reproduction, use, distribution, advertisement, promotion, offer for sale and/or rent, and/or sale and/or rent of a feature documentary film entitled "The Will to Fly" about the Australian Olympic freestyle skier and gold medalist Lydia Lassila, created and produced by Plaintiff Binding Films (the "Film"), and Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants' false representation of fact that Defendant Eye Film and/or Defendant Feinstein are originators and/or lawful distributors of the Film, and/or have some other affiliation with the Film and/or Plaintiff Binding Films, which has caused Plaintiff Binding Films irreparable damage and monetary harm, and damaged the goodwill and reputation of Plaintiff Binding Films, for which Plaintiff Binding Films seeks relief from this Court.

## JURISDICTION AND VENUE

2.     This is an action for damages, profits, and injunctive relief against Defendants arising under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* and the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and includes related claims for unfair competition arising under California Business & Professions Code § § 17200 *et seq.* and California common law.

3.     This Court has original jurisdiction over this dispute pursuant to 28

U.S.C. §1331, 28 U.S. C. §1338(a) and (b), and 15 U.S.C. § 1121, as this action arises under the United States Copyright Act (17 U.S.C. §§ 101 *et seq*.) and the Lanham Act (15 U.S.C. §§ 1051 *et seq*.).

4.      This Court has supplemental jurisdiction over the related state law unfair competition claims pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper in the Central District of California pursuant to 28 §1400(a) and 28 U.S.C. § 1391(b) as Defendant Eye Film and Defendant Feinstein are both residents of the State of California within the meaning of 28 U.S.C. § 1391(c) and (d) and because a substantial part of the events or omissions giving rise to the claims occurred within the Central District of California.

6.      Plaintiff Binding Films is informed and believes and based thereon alleges that Defendant Eye Film is a California corporation with its principal place of business located at 2131 Century Park Lane, #104, Los Angeles, California 90067, which is within this judicial district. Accordingly, this Court has personal jurisdiction over Defendant Eye Film.

7.      Plaintiff Binding Films is informed and believes and based thereon alleges that Defendant Feinstein resides in the County of Los Angeles, in the State of California, within this judicial district. Accordingly, this Court has personal jurisdiction over Defendant Feinstein.

8.      Plaintiff Binding Films is informed and believes and based thereon alleges that Defendant Metropolitan is a California limited liability company with its principal place of business located at 650 South Grand Avenue, #601, Los Angeles, California 90017.  Accordingly, this Court has personal jurisdiction over Defendant Metropolitan.

9.      A certificate of copyright registration is not required for Plaintiff Binding Films to bring this copyright infringement action in this judicial district.

The Film was created by Plaintiff Binding Films in Australia. The Film was first "published" by Plaintiff Binding Films in Australia when it made its theatrical premiere there in March 2016. There is no system of registration for copyright protection in Australia. Australia and the United States are both signatories to the Berne Convention. Pursuant to Article 5(1) and 5(2) of the Berne Convention, the Berne Convention prohibits signatories from imposing copyright formalities as a condition to the protection of works of nationals of other member countries. Further, the United States Copyright Act (Section 411(a)) does not require a foreign work of a non-United States Berne Convention author to be registered as a prerequisite to filing an infringement action in the United States.

## PARTIES

10.    Plaintiff Binding Films is an Australian company with its principal place of business located at 77 Argyle Street, Fitzroy, Victoria, 3065 Australia. Plaintiff Binding Films is an independent film production company that focuses on creating, producing, and distributing high quality sports films throughout Australia and other countries.

11.    Plaintiff Binding Films is informed and believes and based thereon alleges that Defendant Eye Film is engaged in the business of worldwide independent film distribution.

12.    Plaintiff Binding Films is informed and believes and based thereon alleges that Defendant Feinstein is the founder and President of Defendant Eye Film.

13.    Plaintiff Binding Films is informed and believes and based thereon alleges that Defendant Metropolitan is engaged in the business of providing post-production services and media management to the media and entertainment industries.

14.     Plaintiff Binding Films is unaware of the true names and capacities of defendants Does 1 through 10, inclusive, but is informed and believes and based thereon alleges that each of the fictitiously named Doe Defendants is engaged in, or is in some manner responsible for, the wrongful conduct alleged in this Complaint, including the unauthorized reproduction, distribution, use, advertisement, promotion, offer for sale and/or rent, and sale and/or rent of the Film in this judicial district.  Plaintiff Binding Films therefore sues these defendants by such fictitious names.  Plaintiff Binding Films will amend this Complaint to state the true names and capacities of fictitiously named Doe Defendants when same has been ascertained.

15.     Plaintiff Binding Films is informed and believes and based thereon alleges that at all times relevant hereto each of the Defendants including, without limitation, the Doe Defendants, was the agent, representative, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employee, of the other Defendants, and/or was at all times acting within the course and scope of such agency, representative, affiliate, officer, director, manager, principal, partner, joint venture, alter-ego and/or employment relationship and/or capacity and actively participated in, or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein, with full knowledge of all the facts and circumstances, including, without limitation, full knowledge of each and all of the violations of Plaintiff Binding Films' rights and the damage to Plaintiff Binding Films proximately caused thereby.  Accordingly, each of the Defendants is responsible for the actions of the other Defendants, as alleged in this Complaint.

## BACKGROUND

16.     The Film is the culmination of great effort and expense expended by Plaintiff Binding Films and its director, cinematographer, producers, and team of

award winning filmmakers, among many others.  The Film, which took approximately five years to finance and three years to make, includes footage captured in Australia, Finland, China, the United States, and Russia, as well as sports archive footage from all over the world spanning over twenty years of history, including licensed footage from four Olympic games. The Film includes an original musical score that took six months to construct by composer Thomas E. Rouch.

17.    The Film premiered in a theater in Australia on or around March 8, 2016, followed by a wider theatrical release in Australia shortly thereafter on or around March 9, 2016.  The Film has been a great success in the market, with Plaintiff Binding Films distributing the Film throughout the world through itself and a third party distributor.

18.    The Film has been positively received by critics. The Film has also won several awards, including the "The World Documentary" and "Mountain Culture" awards at the Whistler Film Festival in 2016. The score of the Film was nominated for an APRA AMCOS award for "Best Music in Documentary."

19.    Plaintiff Binding Films has built considerable goodwill and reputation with the public including in connection with the Film.

## DEFENDANTS' WRONGFUL CONDUCT

20.    On or around April 16, 2019, Defendant Eye Film and/or Defendant Feinstein purchased a DVD copy of The Film from Plaintiff Binding Films on Plaintiff Binding Films' website, http://thewilltoflyfilm.com/ (the "Film's Website"), for AUD $22.73 plus AUD $12.00 in shipping.  Neither Defendant Eye Film nor Defendant Feinstein purchased a license for The Film.

21.    Plaintiff Binding Films is informed and believes and based thereon alleges that Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants

provided Defendant Metropolitan the DVD copy of the Film that it purchased from Plaintiff Binding Films.

22.     Plaintiff Binding Films is informed and believes and based thereon on alleges that Defendants, while situated in the County of Los Angeles, California, took the DVD copy of the Film that Defendant Eye Film and/or Defendant Feinstein purchased from Plaintiff Binding Films and made and/or are continuing to make digital copies of The Film which Defendants uploaded to the Amazon Prime Video streaming website,

https://www.amazon.com/Will-Fly-Lydia-Lassila/dp/B07V2BQNM7/ref=sr_1_1?keywords=The+Will+to+Fly&qid=1575419703&s=instant-video&sr=1-1,

and to Defendant Eye Film's and/or Defendant Feinstein's website, https://www.eyefilmreleasing.com/ ("Defendants' Website"), without the authorization or consent of Plaintiff Binding Films, and have sold, rented, and/or offered for sale and/or rent, copies of The Film, to the public, in interstate commerce on Amazon Prime Video's website and/or on Defendants' Website via online digital format, and/or are continuing to do so, without Plaintiff Binding Films' authorization or consent, in violation of Plaintiff Binding Films' copyright rights.

23.     Plaintiff is informed and believes and based thereon alleges that Defendant Metropolitan, at the direction of Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants, made digital copies of the Film and uploaded the digital copies of the Film to the Amazon Prime Video website and/or Defendants' Website, without Plaintiff Binding Films' authorization or consent.

24.     Plaintiff Binding Films has never authorized or consented to Defendants' reproduction, use, and/or distribution of the Film.

25.     Further, in connection with Defendants' unauthorized selling, renting,

and/or offering to sell and/or rent The Film to the public, in interstate commerce through the Amazon Prime Video website and/or Defendants' Website, Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants have falsely represented, and/or are continuing to falsely represent, on the Amazon Prime Video website and on Defendants' Website that Defendant Eye Film and/or Defendant Feinstein are lawful, authorized distributors of the Film, are originators of The Film as the studio that created and/or produced the Film, and/or are in some other way associated with the Film and/or Plaintiff Binding Films, which they are not, in violation of Plaintiff Binding Films' rights.

26.    The unauthorized copies of the Film sold, rented, and/or offered for sale and/or rent to the public by Defendants on Amazon Prime Video's website and/or Defendants' Website were and/or are blurry, sub-standard, inferior quality copies of the Film.

27.    The unauthorized copies of the Film sold, rented, and/or offered for sale or rent to the public by Defendants on Amazon Prime Video's website and/or Defendants' Website are identical and/or substantially similar to the Film.

28.    Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants' false representation that Defendant Eye Film and/or Defendant Feinstein are lawful, authorized distributors of the Film, originators of The Film as the studio that created and/or produced the Film, or are in some other way associated with the Film, is likely to cause confusion, or mistake, or to deceive the relevant, consuming public as to the affiliation, connection, or association of Defendant Eye Film and/or Defendant Feinstein with the Film and/or Plaintiff Binding Films, and/or as to the origin or sponsorship of the Film.

29.    Plaintiff Binding Films is informed and believes and based thereon alleges that Defendants' unauthorized. infringing reproduction, distribution, sale,

rental, and/or offer for sale, rent, and/or distribution of the Film, and Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants' false designation of the origin and/or false or misleading representation of fact  that Defendant Eye Film and/or Defendant Feinstein are lawful, authorized distributors of the Film, are originators of The Film as the studio that created and/or produced the Film, and/or are in some other way associated with the Film and/or Plaintiff Binding Films has caused Plaintiff Binding Films financial harm and has wrongfully caused Plaintiff Binding Films to lose sales of the Film and/or to lose other opportunities for financial gain from the Film.

30.     Plaintiff Binding Films is informed and believes and based thereon alleges that by the acts alleged above in this Complaint, Defendants have made substantial profits to which they are not entitled.

31.     Plaintiff Binding Films is informed and believes and based thereon alleges that Defendants' unauthorized, infringing reproduction, distribution, sale, rental, and/or offer for sale, rent, and/or distribution of the Film, and Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants' false designation of the origin and/or false or misleading representation of fact that Defendant Eye Film and/or Defendant Feinstein are lawful, authorized distributors of the Film, are originators of The Film as the studio that created and/or produced the Film, and/or are in some other way associated with the Film and/or Plaintiff Binding Films has has been and continues to be willful, intentional, knowing, malicious, and in conscious disregard of Plaintiff Binding Films' rights.

## FIRST CLAIM FOR RELIEF

### [Copyright Infringement, 17 U.S.C. §§ 101 *et seq*.]

### Against All Defendants

32.     Plaintiff Binding Films hereby incorporates by this reference the

1   statements and allegations contained in paragraphs 1 through 31 of this Complaint
2   as if fully set forth herein.

3       33.   The Film, created by Plaintiff Binding Films, is an original work of
4   authorship that constitutes copyrightable subject matter and is protectable under
5   and protected by the copyright laws of the United States.

6       34.   Plaintiff Binding Films is the owner of the copyright in and to the
7   Film and owns all right, title, and interest in and to all the copyright rights for
8   which Plaintiff Binding Film seeks redress in this Complaint.

9       35.   Defendants had access to the Film as Defendant Eye Film and/or
10  Defendant Feinstein purchased a DVD copy of the Film from Plaintiff Binding
11  Films on the Film's Website and upon information and belief provided the DVD
12  copy of the Film to Defendant Metropolitan.
13

14      36.   Plaintiff Binding Films has never authorized or consented to
15  Defendants' reproduction, use, or distribution of the Film.

16      37.   Defendants wrongfully, and without Plaintiff Binding Films'
17  authorization or consent, made copies of the Film, and offered to sell or rent, and
18  did sell and/or rent said unauthorized copies of the Film to the public on the
19  Amazon Prime Video website and/or on Defendants' Website in interstate
20  commerce.

21      38.   The unauthorized copies of the Film sold, rented, and/or offered for
22  sale or rent to the public by Defendants on Amazon Prime Video's website and/or
23  Defendants' Website are identical and/or substantially similar to the Film.

24      39.   Defendants' unauthorized reproduction, use, and/or distribution of the
25  Film, including without limitation, on the Amazon Prime Video website and/or on
26  Defendants' Website, is a violation of Plaintiff Binding Films' exclusive rights
27  under the Copyright Act, §§106 and 501, including without limitation, Plaintiff
28

Binding Films' exclusive rights to make reproductions and distribute copies of the Film to the public.

40.    Plaintiff Binding Films is informed and believes and based thereon alleges that Defendants, if not liable for direct infringement of Plaintiff Binding Films' copyright and copyright rights, are liable for contributory copyright infringement because each such Defendant knew or should have known of the direct infringing activity of the other Defendants and intentionally induced or materially contributed to the direct infringing activity.

41.    Plaintiff Binding Films is informed and believes and based thereon alleges that Defendants, if not liable for direct copyright infringement of Plaintiff Binding Films' copyright and copyright rights, are vicariously liable for copyright infringement because each such Defendant directly benefitted financially from the infringing activity of the other Defendants who committed direct copyright infringement, had the right and ability to supervise or control the direct, infringing activity of the other Defendants who committed direct copyright infringement, and failed to exercise that right and ability to supervise or control the direct, infringing activity of the other Defendants who committed direct copyright infringement.

42.    Accordingly, Defendants are liable to Plaintiff Binding Films for direct, contributory, and/or vicarious copyright infringement under 17 U.S.C. § 501.

43.    As a direct and proximate result of Defendants' copyright infringement, as alleged herein, Plaintiff Binding Films has suffered financial harm to its business, including actual damages including, but not limited to, lost sales and/or lost licensing revenue.

44.    Plaintiff Binding Films is informed and believes and based thereon alleges that Defendants have made substantial profits from their unauthorized

reproduction, use, and/or distribution of the Film.

45.     As a result of Defendants' copyright infringement of the Film, Plaintiff is entitled to its actual damages and Defendants' profits attributable to the infringement, U.S.C. § 504, in an amount to be proven at trial, and to all other relief allowed under the Copyright Act.

46.     Plaintiff Binding Films is informed and believes and based thereon alleges that Defendants' unauthorized, infringing reproduction, use, and/or distribution of the Film was committed, and/or continues to be  committed, willfully, knowingly, intentionally, maliciously, and in conscious disregard of Plaintiff Binding Films' rights.

47.     The infringement by Defendants has caused, and unless restrained by this Court, will continue to cause immediate and irreparable injury to Plaintiff Binding Films' property and business for which Plaintiff Binding Films has no adequate remedy at law.  Unless this Court restrains Defendants from infringing Plaintiff Binding Films' protected Film, the injury will continue to occur in the future.  Accordingly, Plaintiff Binding Films is entitled to preliminary and permanent injunctions, 17 U.S.C. § 502, and for an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503.

## SECOND CLAIM FOR RELIEF

**[Federal Unfair Competition (False Designation of Origin),**

**15 U.S.C. § 1125(a)]**

**Against Defendant Eye Film, Defendant Feinstein, and Doe Defendants**

48.     Plaintiff Binding Films hereby incorporates by this reference the statements and allegations contained in paragraphs 1 through 31 of this Complaint as if fully set forth herein.

49.     Plaintiff Binding Films has built considerable goodwill and public

recognition in the Film.

50.    Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants, in falsely representing, in interstate commerce, on the Amazon Prime Video website and on Defendants' Website, that Defendant Eye Film and/or Defendant Feinstein are lawful, authorized distributors of the Film, originators of the film as the studio that created and/or produced the Film, and/or are otherwise associated with the Film, in connection with Defendants' unauthorized distribution, sale, rent, and/or offer to sell and/or rent the Film, including blurry, sub-standard, inferior quality copies of the Film, as alleged above in this Complaint, without Plaintiff Binding Film's authorization or consent, have committed acts constituting false designation of origin and/or false or misleading representation of fact that are likely to cause confusion, or mistake, or to deceive the relevant public as to the affiliation, connection, or association of Defendant Eye Film and/or Defendant Feinstein with the Film and/or Plaintiff Binding Films, or as to the origin or sponsorship of the Film, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51.    As a direct and proximate result of Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants' acts of false designation of origin and/or false or misleading representation of fact regarding the origin and association of The Film, and the resulting likelihood of confusion that now exists in the marketplace, Plaintiff Binding Films has suffered and/or will continue to suffer damages, in an amount not yet known but to be established according to proof at trial.

52.    Plaintiff Binding Films is informed and believes and based thereon alleges that as a direct and proximate result of Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants' acts of false designation of origin and/or false or misleading representation of fact, as alleged above in this Complaint, Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants' have made substantial

sales and profits in amounts not yet known but to be established according to proof at trial.

53.    Plaintiff Binding Films is informed and believes and based thereon alleges that Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants' aforementioned acts of false designation of origin and/or false or misleading representation of fact were committed, and/or continue to be committed, willfully, knowingly, intentionally, maliciously, and in conscious disregard of Plaintiff Binding Films' rights, and were done with full knowledge of the falsity of the representation of the designation of origin and association, and with the intention of causing confusion and/or mistake and/or to mislead and deceive, and to cause injury to the reputation and goodwill associated with Plaintiff Binding Films and the Film.

54.    The false designation of origin and/or false or misleading representation of fact committed by Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants has caused, and unless restrained by this Court, will continue to cause immediate and irreparable damage to Plaintiff Binding Films' property and business, to Plaintiff Binding Films' market reputation and goodwill, and may discourage current and potential customers from dealing with Plaintiff Binding Films.  Further, Plaintiff Binding Films is informed and believes and based thereon alleges that in the absence of injunctive relief, the consuming public is likely to continue to be mistaken or deceived as to the true origin, sponsorship, and/or affiliation of the Film. Plaintiff Binding Films has no adequate remedy at law.  Accordingly, Plaintiff Binding Films is entitled to preliminary and permanent injunctions.

### <u>THIRD CLAIM FOR RELIEF</u>

**[Unfair Competition Under California Bus. & Prof. Code §§ 17200 *et seq.*]**

**Against Defendant Eye Film, Defendant Feinstein, and Doe Defendants**

55.     Plaintiff hereby incorporates by this reference the statements and allegations contained in paragraphs 1 through 31 of this Complaint as if fully set forth herein.

56.     The acts of Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants, committed in California, in falsely representing that Defendant Eye Film and/or Defendant Feinstein created and/or produced The Film or were in some other way the originator of The Film, and/or in causing a false association between Defendant Eye Film and/or Defendant Feinstein with the Film and/or Plaintiff Binding Films, and thereby causing a likelihood of confusion, or mistake, or deceiving the consuming public as to the affiliation, connection, or association between Defendant Eye Film and/or Defendant Feinstein with the Film and/or Plaintiff Binding Films, or as to the origin or sponsorship of the Film, constitute unlawful, unfair, and/or fraudulent acts or business practices prohibited by Sections 17200 *et seq.* of the California Business & Professions Code.

57.     Plaintiff Binding Films is informed and believes and based thereon alleges that the aforementioned acts of unfair competition and/or fraudulent business practices committed by Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants were committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff Binding Film's rights.

58.     The  aforementioned acts of unfair competition and/or fraudulent business practices committed by Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants has caused, and unless restrained by this Court, will continue to cause immediate and irreparable damage to Plaintiff Binding Films' property and

business for which Plaintiff Binding Films has no adequate remedy at law. Plaintiff Binding Films seeks injunctive relief restraining Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants from engaging in further acts of unlawful, unfair, and/or fraudulent acts or business practices directed against Plaintiff Binding Films, Plaintiff Binding Films' business, and the Film. Plaintiff Binding Films is informed and believes and based thereon alleges that in the absence of injunctive relief the consuming public is likely to continue to be mistaken or deceived as to the true origin, sponsorship, and/or affiliation of the Film. Accordingly, Plaintiff Binding Films is entitled to preliminary and permanent injunctions.

## FOURTH CLAIM FOR RELIEF

### [California Common Law Unfair Competition]

### Against Defendant Eye Film, Defendant Feinstein, and Doe Defendants

59. Plaintiff Binding Films hereby incorporates by this reference the statements and allegations contained in paragraphs 1 through 31 of this Complaint as if fully set forth herein.

60. Plaintiff Binding Films is a business competitor of Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants as they are all engaged in the business of film distribution and/or production.

61. The acts and conduct of Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants as alleged above in this Complaint, in falsely representing that Defendant Eye Film and/or Defendant Feinstein created and/or produced The Film or were in some other way an originator of The Film, and/or in causing a false association between Defendant Eye Film and/or Defendant Feinstein with the Film and/or Plaintiff Binding Films and thereby passing off the Film as their own, without Plaintiff Binding Films' authorization or consent, constitute unfair

competition under the common law of the State of California.

62.    The acts and conduct of Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants as alleged above in this Complaint, in falsely representing that Defendant Eye Film and/or Defendant Feinstein created and/or produced The Film or were in some other way an originator of The Film, and/or in causing a false association between Defendant Eye Film and/or Defendant Feinstein with the Film and/or Plaintiff Binding Films, are likely to cause confusion or mistake, or to deceive the relevant public as to the affiliation, connection, or association of Defendant Eye Film and/or Defendant Feinstein with the Film and/or Plaintiff Binding Films, and as to the origin, association, or sponsorship of the Film. The acts and conduct of Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants are likely to lead the consuming public to conclude, incorrectly, that the Film originates with Defendant Eye Film and/or Defendant Feinstein, which it does not, and/or is affiliated with Defendant Eye Film and/or Defendant Feinstein, which it is not, to the damage and harm of Plaintiff Binding Films, its business and property, and to the consuming public.

63.    The aforementioned acts of Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants constitute unfair competition pursuant to the common law of the State of California.

64.    Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants' unfair competition as alleged above has caused and will continue to cause damage to Plaintiff Binding Films' reputation and goodwill.

65.    Plaintiff Binding Films is informed and believes and based thereon alleges that Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants' conduct as alleged above has damaged Plaintiff Binding Films and resulted in illicit gain of profit to Defendant Eye Film, Defendant Feinstein, and/or Doe

Defendants in amounts not yet known but to be established according to proof at trial.

66.     Plaintiff Binding Films is informed and believes and based thereon alleges that Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants committed the acts of unfair competition as alleged above willfully, knowingly, maliciously, and in conscious disregard of Plaintiff Binding Films' rights.

67.     Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants' unfair competition alleged herein has caused, and unless restrained by this Court, will continue to cause immediate and irreparable injury to Plaintiff Binding Films' business and property. Plaintiff Binding Films seeks injunctive relief restraining Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants from engaging in further acts of unfair competition.  Unless this Court restrains Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants from committing acts of unfair competition, said unfair competition will continue in the future.  Plaintiff Binding Films has no adequate remedy at law.  Accordingly, Plaintiff Binding Films is entitled to preliminary and permanent injunctions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Binding Films prays for judgment as follows:

1.  That the Court enter a judgment against Defendants finding as indicated below:

(a) that Defendants have willfully infringed Plaintiff Binding Films' Film in violation of 17 U.S.C. § 501;

(b) that Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants have committed and/or are continuing to commit acts of false designation of origin, false association, false or misleading description of fact, and false or misleading representation, in violation of 15 U.S.C. § 1125(a), and that they did so willfully,

knowingly, maliciously, and in conscious disregard of Plaintiff Binding Films' rights;

(c) that Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants have engaged in unlawful, unfair, and/or fraudulent acts or business practices in violation of California Business & Professions Code § 17200 *et seq*., and that they did so willfully, knowingly, maliciously, and in conscious disregard of Plaintiff Binding Films' rights;

(d) that Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants have engaged in unfair competition in violation of the common law of the State of California, and that they did so willfully, knowingly, maliciously, and in conscious disregard of Plaintiff Binding Films' rights;

(e) that Defendant Eye Film, Defendant Feinstein, and/or Doe Defendants have otherwise injured the goodwill and business reputation of Plaintiff Binding Films by the acts and conduct set forth in this Complaint; and

2.   That the Court issue an order granting preliminary and permanent injunctions enjoining and restraining Defendants, their officers, agents, servants, employees, attorneys, and all others in active concert or participation with them who receive actual notice of the order by personal service or otherwise from:

(a) directly or indirectly imitating, copying, distributing, selling, renting and/or offering for sale, distribution and/or rent, the Film, to the public, without Plaintiff Binding Films' approval, authorization or consent, or directly or indirectly making any other infringing use or distribution of the Film;

(b) using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade or public or individuals to erroneously believe that: the Film, or any other product of Plaintiff Binding Films, has been created, produced, or manufactured by, or is in any way

associated with, Defendants; that Defendants are the source or origin of the Film; that Defendants are lawful distributors of the Film; that Defendants are in any way affiliated or associated with the Film; that Plaintiff Binding Films and Defendants are in any way affiliated or associated; and/or that Defendants have any copyright rights or any other rights in or to the Film;

(c) doing or causing any other acts or conduct that will cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with the Film and/or Plaintiff Binding Films, or as to the origin or sponsorship of the Film;

(d) injuring the commercial reputation and goodwill of Plaintiff Binding Films;

(e) engaging in any unlawful, unfair, and/or fraudulent acts or business practices or engaging in any acts of unfair competition directed at Plaintiff Binding Films and/or in connection with the Film in any manner whatsoever;

(f) engaging in any other activity constituting an infringement or violation of Plaintiff Binding Films' copyright or other rights in or to the Film; and

(g) assisting, aiding, or abetting any other person or business from engaging in or performing any of the activities referred to in subparagraphs (a) and (f) above.

3.  That this Court enter an order directing Defendants to remove, or cause to be removed, from the Amazon Prime Video website, Defendants' Website, and/or any other website or other media or platform any statement, reference, suggestion, or implication that Defendants have created, produced, or are in any way originators or distributors of the Film or are in any way associated with the Film or Plaintiff Binding Films, or that Defendants have any copyright rights or any other rights in or to the Film;

4.  That the Court enter an order directing Defendants to deliver up for

destruction all infringing copies of the Film and all materials and matter Defendants used in making improper copies and distribution of the Film and in making false representation of fact that Defendant Eye Film and/or Defendant Feinstein created and/or produced the Film, or were in some way were originators of the Film, and/or were associated with the Film, and any related items, including business records, that are in Defendants' possession or under their control;

5.  That Defendants be required to recall from its customers all infringing copies of the Film, and all of the goods and materials used in connection with their acts of copyright infringement, false designation of origin, and unfair competition and fraudulent business practices, and further be required to remove said goods and materials and destroy all such improper goods and materials;

6.  That Defendants be required to conduct remedial advertising in an effort to mitigate the damage done to Plaintiff Binding Films' goodwill, reputation, and proven business success in all geographic regions where Defendants have distributed, sold, rented, and/or offered for distribution, sale or rent, and/or marketed or advertised The Film and/or made false and misleading representations of origin and association with the Film and/or Plaintiff Binding Films;

7.  An award to Plaintiff Binding Films of its actual damages suffered and all profits realized by Defendants as a result of Defendants' infringing activities, false designation of origin, unfair competition, and fraudulent business practices alleged herein;

8.  An award to Plaintiff Binding Films of treble, exemplary, and /or punitive damages as permitted by applicable law;

9.  An award to Plaintiff Binding Films of its reasonable attorneys' fees, filing fees, and costs of this action as permitted by applicable law;

10. Pre-judgment and post-judgment interest on the above monetary awards;

and

11. Such other and further relief as this Court deems equitable and just.

                                        Respectfully submitted,
                                        LEWIS ANTEN, A PROFESSIONAL
                                                CORPORATION.

Dated: March 19, 2020          /s/Lewis Anten
                               Lewis Anten
                               Ivy Choderker
                               Attorneys for Plaintiff
                               BINDING FILMS PTY LIMITED

1

## **DEMAND FOR JURY TRIAL**

2

      Pursuant to Fed.R.Civ. P 38(b), Plaintiff Binding Films Pty Limited hereby

3

demands a trial by jury on all issues so triable.

4

5

                                Respectfully submitted,

6

                                LEWIS ANTEN, A PROFESSIONAL
                                     CORPORATION.

7

8

Dated: March 19, 2020          /s/Lewis Anten _____

9

                                Lewis Anten

10

                                Ivy Choderker
                                Attorneys for Plaintiff

11

                                BINDING FILMS PTY LIMITED

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28